## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CURTIS EUGENE NEWSON,  :
          :  Civil Action No. 16-1150 (MAS) (DEA)
    Plaintiff,  :
          :
   v.     :  **MEMORANDUM AND ORDER**
          :
MERCER COUNTY CORRECTIONAL :
CENTER, et al.,     :
          :
    Defendants. :
          :

Plaintiff Curtis Eugene Newson has filed the instant civil rights Complaint, asserting claims under 42 U.S.C. § 1983, alleging that his constitutional rights have been violated by Defendants. The Court previously granted Plaintiff *in forma pauperis* status and, as such, must screen the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). It appearing:

1. The Complaint alleges two claims. First, Plaintiff alleges that he had been subjected to deplorable conditions of confinement at the Mercer County Correctional Center. (*See* Compl. 3, ECF No. 1.) The Court finds that Plaintiff has sufficiently alleged a facially valid conditions of confinement claim under the Eighth Amendment, and thus allows that claim to proceed.

2. Second, Plaintiff alleges that he was denied proper medical services by the prison. (*Id.*) Plaintiff alleges that he suffers from blisters in his groin area and front right thigh. (*Id.*) Plaintiff further alleges that although he had been properly provided with gauze, dressings, and sodium chloride to clean the blisters, nevertheless because he was not provided with blood pressure and temperature checks, he was denied proper medical service. (*Id.*)

3. To state a valid denial of medical services claim under the Eighth Amendment, "the relevant inquiry is whether the defendant was deliberately indifferent to the plaintiff's serious

medical need." *Green v. Coleman*, 575 F. App'x 44, 47 (3d Cir. 2014) (citing *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments[.]" *Id.* (quoting *United States ex rel. Walker, v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).

4.   Here, Plaintiff's allegations fail both prongs of the standard for denial of medical services claims. Plaintiff does not deny that he had received treatment for his blisters. Instead, he only alleges that the failure to provide him with blood pressure and temperature checks constituted denial of medical services. However, Plaintiff does not allege that a physician has diagnosed him as needing blood pressure and temperature checks, and the Court fails to see why such checks are necessary for blisters. Furthermore, Plaintiff has received treatment, so the allegations are insufficient to establish that Defendants acted with deliberate indifference to Plaintiff's medical needs; without more, the Court will not second guess the judgments of the prison medical staff. As such, Plaintiff's denial of medical services claims are dismissed.

5.   Plaintiff also asserts, generally, that the "inhum[a]ne condition [he] was forced to live in" made him feel "totally embarrassed and disrespected," and that "[he] was shamefully disrespected and mistreated and embarras[s]ed." (Compl. 3-4.) However, these allegations do not state a claim cognizable under § 1983. There is no independent constitutional right to be free of embarrassment, disrespect, and/or humiliation. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("interest in reputation . . . is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of

law"); *Cooley v. Barber*, No. 07-3327, 2007 WL 2900550, at *1 (3d Cir. Oct. 4, 2007) (finding that plaintiff's allegations of embarrassment and damage to his reputation are insufficient to state a claim under § 1983); *Dawson v. N.J. State Trooper Barracks*, No. 11-2779, 2011 WL 3653671, at *5 (D.N.J. Aug. 19, 2011) ("[A]ll [the plaintiff] alleged was his embarrassment, shyness, hypothetical concern with suffering a social stigma and other forms of his emotional displeasure. However, the United States Constitution and its Due Process Clause do not provide Plaintiff with the right to pleasantries."); *Word v. Proctor*, No. 00-205, 2003 WL 1844952, at *2 (D. Del. Mar. 31, 2003) (finding that allegations of harassment, embarrassment and defamation are not cognizable under § 1983); *see also Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) ("Rather, to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest.") (emphasis in the original). Accordingly, any claims based on Plaintiff's feeling of embarrassment and/or disrespect are dismissed.

6. Furthermore, the Court dismisses Defendants Mercer County Correctional Center ("MCCC") and Department of Public Safety, Mercer County Correction Center ("DPS") from the case. In order to state a cognizable § 1983 claim, "a plaintiff must allege *a person* acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States." *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013) (citation omitted and emphasis added). Here, MCCC, a county jail, is not a "person" subject to suit under § 1983. *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) ("PCCF, [a correctional facility,] to the extent Boomer was suing the facility, is not a 'person' within the meaning of 42 U.S.C. § 1983") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) and *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Stevenson v. Cty. Sheriff's Office of Monmouth*, No. 13-5953 (MAS),

3

2015 WL 512423, at *12 (D.N.J. Feb. 6, 2015). Defendant DPS, a prison department, is also not a "person" subject to suit under § 1983. *See Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845 (3d Cir. 2011) (finding that a prison's medical department is not a "person" under § 1983). Therefore, claims against Defendants MCCC and DPS are dismissed.

**IT IS** therefore on this *13ᵗʰ* day of *December* , 2016,

**ORDERED** that all claims in the Complaint based on denial of medical services and feelings of embarrassment/disrespect are hereby **DISMISSED**; it is further

**ORDERED** that Defendants Mercer County Correctional Center and Department of Public Safety, Mercer County Correction Center, are hereby **DISMISSED**; it is further

**ORDERED** that the remainder of the Complaint is permitted to proceed past § 1915 screening; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon the remaining Defendants, with all costs of service advanced by the United States[1]; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

---

[1]     Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.[2]

Michael A. Shipp, U.S.D.J.

---

[2]     After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.