# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS EUGENE NEWSON,<br><br>    Plaintiff,<br><br>v.<br><br>MERCER COUNTY CORRECTIONAL CENTER, et al.,<br><br>    Defendants. | Civil Action No. 16-1150 (MAS) (DEA)<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Curtis Eugene Newson has filed the instant civil rights Complaint, asserting claims under 42 U.S.C. § 1983, alleging that his constitutional rights have been violated by Defendants. The Court previously dismissed all claims in the Complaint except for Plaintiff's Eighth Amendment conditions of confinement claim, and directed Defendants to answer on the remaining claim. (Order, Dec. 14, 2016, ECF No. 5.) Presently before the Court is a Motion to Dismiss ("Motion"), filed by the sole remaining named Defendant, Warden Charles Ellis ("Ellis"). (ECF No. 13.)

Ellis's lone argument for dismissal is that Plaintiff has failed to demonstrate the exhaustion of administrative remedies, as required by federal law. *See* 42 U.S.C. § 1997e(a) (stating that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."). While failure to exhaust may ultimately result in the dismissal of a prison conditions claim, the Supreme Court has held that plaintiffs are not required to *plead* exhaustion in their complaints. "[F]ailure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Indeed, to support his Motion, Ellis attached a self-

certification in his capacity as the warden, representing to the Court that Plaintiff has not filed any grievances. (*See* ECF No. 13-3.) The Court, however, cannot consider evidence outside of the pleadings on a motion to dismiss. *See* Fed. R. Civ. P. 12(d); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (stating, "[a]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings").

Ellis also filed correspondence requesting that the Court grant the Motion as unopposed. (ECF No. 15.) A district court may not dismiss an action "without any analysis of whether the complaint failed to state a claim upon which relief can be granted." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Instead, the Court must conduct its own merits analysis of the motion to decide whether it should be granted—to do otherwise would be to ignore the standard of review applicable to the motion. *Id.* As such, the Motion is denied.

**IT IS**, therefore, on this 11th day of August, 2017,

**ORDERED** that the Motion to Dismiss (ECF No. 13) is hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

/s/ Mashipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**