NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CURTIS EUGENE NEWSON,

    Plaintiff,

v.

MERCER COUNTY CORRECTIONAL
CENTER, et al.,

    Defendants.

Civil Action No. 16-1150 (MAS) (DEA)

**MEMORANDUM OPINION**

    Plaintiff Curtis Eugene Newson has filed the instant civil rights Complaint, asserting claims under 42 U.S.C. § 1983, alleging that his constitutional rights have been violated by Defendants. The Court previously dismissed all claims in the Complaint except for Plaintiff's Eighth Amendment conditions of confinement claim. (Order, Dec. 14, 2016, ECF No. 5.) Presently before the Court is a Motion for Summary Judgment filed by the sole remaining named Defendant, Warden Charles Ellis ("Ellis" or "Defendant"). (ECF No. 21.) Plaintiff did not file opposition to Defendant's Motion.

    Ellis's lone argument for summary judgment is that Plaintiff has failed to demonstrate the exhaustion of administrative remedies. Federal law provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to exhaust administrative remedies, a prisoner must properly pursue all administrative remedies to their end. *See Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004). To determine whether a prisoner has exhausted

administrative remedies, the Court must evaluate a prisoner's compliance with the prison administrative regulations governing inmate grievances. *Id.* at 226-27. A prisoner must bring a grievance to the attention of the appropriate prison official so that the facility has an opportunity to respond to the grievance. *Id.* at 227. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by [federal law], but by the prison grievance process itself." *Small v. Camden Cty.*, 728 F.3d 265, 272 (3d. Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

Here, Ellis filed a sworn affidavit, in his capacity as the prison warden, stating that there is no record that Plaintiff ever filed a grievance regarding his prison conditions claim. (Certification of Warden Charles Ellis 2, Aug. 24, 2017, ECF No. 21-2.) Because Plaintiff did not file opposition to Defendant's Motion, the Court accepts the facts alleged in Ellis's affidavit as undisputed. Fed. R. Civ. P. 56(e)(2). Without any evidence of exhaustion, there is no genuine dispute of material fact that Plaintiff failed to establish administrative exhaustion as required by § 1997e(a). *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As such, summary judgment is granted in favor of Ellis, and the prison conditions claim against him is dismissed without prejudice. *See DiGiovanni v. N.J. Dep't of Corr.*, 232 F. App'x 181, 182 n.1 (3d Cir. 2007). Because all claims in the Complaint have been dismissed, the Court dismisses the Complaint.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: January 3, 2018